UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICASIO,** *et al.***,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**LAW OFFICES OF FALONI & ASSOCIATES, LLC,** *et al.*<br><br>**Defendants.** | Civ. No. 2:16-0474 (WJM)<br><br>**OPINION** |

# **WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Daniel E. Nicasio and Vincent Maisano bring this putative class action on behalf of themselves and those similarly situated, alleging that Defendants the Law Offices of Faloni & Associates, LLC; David A. Faloni, Sr.; David A. Faloni, Jr.; LVNV Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and John Does 1 to 10 (collectively, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA").

This matter comes before the Court upon Defendants' motion to compel arbitration and stay the action pursuant to the Federal Arbitration Act ("FAA"). For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**. The parties are ordered to engage in limited discovery as to whether a valid agreement to arbitrate exists. Following discovery, Defendants may renew their motion, which this Court will assess under a Rule 56 summary judgment standard.

## I. BACKGROUND

Plaintiffs, on behalf of themselves and those similarly situated, have filed a putative class action Complaint against Defendants asserting violations of the FDCPA. ECF No. 10 (First Am. Compl). The Complaint alleges that Defendants are "debt buyers" and "collection attorneys" who have violated the FDCPA in various ways. Specifically, Plaintiffs claim that Defendants: (1) sent debt collection letters to Plaintiffs that failed to disclose the accrual of interest on debt balances, (2) included unlawful processing fees with

1

their collection letters, and (3) sent out collection letters that lacked meaningful attorney review, all in violation of the FDCPA. *Id.*

In response to the Complaint, Defendants have filed the instant motion to compel arbitration. ECF No. 19 (Mot. to Compel). Defendants contend that Plaintiffs owed debts to Credit One Bank LLC, and that these debts were ultimately assigned to Defendants. They further maintain that the original creditor-debtor relationship between Credit One Bank and Plaintiffs was governed by a credit card agreement (hereinafter "the Agreement") containing the following arbitration provisions:

> ARBITRATION. PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION . . . . Agreement to Arbitrate: You and we agree that either you or me, without the other's consent, require that any controversy or dispute between you and us . . . be submitted to mandatory, binding arbitration.

Mot. to Compel, Exs. B-1 and B-2. According to Defendants, the Agreement and its arbitration clause became binding once Plaintiffs used their credit cards.

Plaintiffs oppose the motion to compel arbitration, asserting that Defendants failed to show that Plaintiffs assented to the arbitration agreement. ECF No. 23.

## II. DISCUSSION

Before compelling arbitration pursuant to the FAA, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). Here, the parties disagree as to whether a valid agreement to arbitrate exists: Defendants contend that Plaintiffs agreed to arbitrate this dispute by entering into the Agreements and subsequently using their credit cards. Plaintiffs, on the other hand, maintain that Defendants have failed to submit sufficient evidence to demonstrate that they received the Agreements, and that Defendants lack personal knowledge as to whether the Agreements were received by Plaintiffs, since Defendants are successors-in-interest to the debt, rather than the distributors of the original credit card and Agreement.

In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.,* the Third Circuit explains which standard to apply when a question arises as to whether a valid arbitration agreement exists. 716 F.3d 764 (3d Cir.2013). Where arbitrability is apparent on the face of the complaint, a Rule 12(b)(6) standard of review should be applied to the motion to compel arbitration. *Id.* at 774. However, where the complaint does not establish on its face that the parties have agreed to arbitrate, or when the party opposing arbitration has come

forward with reliable evidence that it did not intend to be bound by an arbitration agreement, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists. *Id.*

In this case, Plaintiffs' Complaint makes no reference to the Agreement; it does not attach the Agreement as an exhibit; and it does not base its FDCPA claim on the existence of the Agreement. Because the Complaint does not establish on its face that the parties agreed to arbitrate, the Court cannot decide the present motion without first ordering limited discovery as to the question of arbitrability. *Id*. ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record."). Once the factual record is developed, the issue must be decided under the Rule 56 summary judgment standard. *Id; see also Laudano v. Credit One Bank*, No. 15-7668, 2016 WL 3450817, at *5 (D.N.J. June 22, 2016) (ordering discovery under *Guidotti* where Plaintiff's complaint did not mention or attach as an exhibit the alleged agreement containing the arbitration provision); *Ross v. CACH, LLC*, No. 2:14-6321, 2015 WL 1499282, at *1 (D.N.J. Apr. 1, 2015) (same).

At this stage, the Court need not reach step two of the *Guidotti* inquiry, *i.e.*, it need not decide whether Plaintiffs have put forth credible evidence that they are not bound by the arbitration agreement. *See Guidotti*, 716 F.3d at 774 ("The second scenario will come into play when the complaint and incorporated documents facially establish arbitrability but the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue."). Because an agreement to arbitrate cannot be gathered from the face of the Complaint, the Court will deny the motion without prejudice, order limited discovery on whether an agreement to arbitrate exists, and if necessary, entertain a future motion to compel arbitration under a summary judgment standard.

### III. CONCLUSION

For the foregoing reasons, the motion to compel arbitration is **DENIED WITHOUT PREJUDICE**. The parties are to engage in discovery on the narrow issue of whether an agreement to arbitrate exists. Defendants may re-file their motion to compel following the completion of discovery. An appropriate order follows.

      /s/ William J. Martini  
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 5, 2016**